In the Matter of the Construction of the Will of ELIZA M. JENKINS, Deceased. ERNEST F. JENKINS et al., Appellants-Respondents; KATHERINE K. JENKINS et al., Respondents-Appellants; DONALD H. JAFFEY, Special Guardian for Frank T. Cox, III, and Others, Infants, et al., Respondents.— Decree modified on the law and facts in accordance with the memorandum and as modified affirmed, with costs to appellants Ernest F. and Edna Peck Jenkins payable in equal portions from the principal of each of the trust funds established under paragraph fifth (a) of the will. Memorandum: The Surrogate's Court in construing paragraph fifth (c) of the will in question has held as a matter of law that under the circumstances presented here the trustee possesses no authority to invade the principal of either of the two trusts for any emergency or unusual condition arising with respect to a life beneficiary, "until such time as the income of such trust fund and the separate assets of the beneficiary entitled to receive said income are insufficient· for the needs of such life beneficiary". Such construction, as we view it, is not warranted from the language of the will, nor is it in accord with the expressed intent of the testatrix. We construe paragraph fifth (c) of the will as stating that the propriety of invasion of the principal under the circumstances presented here, is a matter resting within the sound discretion of the trustee after consideration of all the circumstances, including the amount of other funds both of interest and principal available to the beneficiary in question. The allowance to the attorneys for Ernest F. Jenkins and Edna Peck Jenkins should also be paid in equal portions from the principal of the trust funds established for the benefit of Ernest F. Jenkins and Harold M. Jenkins pursuant to paragraph fifth (a) of the will. The decree appealed from should be modified accordingly, and as so modified affirmed, with costs to appellants Ernest F. and Edna Peck Jenkins, payable in equal portions from the principal of each of the trust funds established under paragraph fifth (a) of the will. All concur. (Cross appeals from a decree adjudicating the construction of a will.) Present— Taylor, P. J., McCurn, Vaughan, Piper and Wheeler, JJ.

■

CLARA GINTER, as Administratrix of the Estate of FRANCIS W. GINTER, Deceased, Respondent, v. CITY OF BUFFALO, Appellant, et al., Defendants.— Order affirmed, with $10 costs and disbursements. Memorandum: On this record, there being no affidavits in opposition, we see no reason why we should limit the scope of the examination. All concur. (Appeal from an order granting plaintiff's motion for an examination of defendant city before trial in a negligence action.) Present— Taylor, P. J., McCurn, Kimball, Piper and Wheeler, JJ.

■

CARLETON P. KAVLE et al., Appellants, v. CHARLES E. WHITE, Respondent. (Action No. 1.) FLORA M. WHITE et al., Respondents, v. CARLETON P. KAVLE et al., Appellants. (Action No. 2.) ANDREW L. MCPHERSON, as Executor of CARLOTTA MCPHERSON, Deceased, Respondent, v. CARLETON P. KAVLE et al., Appellants. (Action No. 3.) — Order insofar as appealed from affirmed, with $10 costs and disbursements. All concur. (Appeal from part of an order involving the right to open and close in automobile negligence actions.) Present— Taylor, P. J., McCurn, Kimball, Piper and Wheeler, JJ.